UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC MASON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:09-cv-674-WTL-DKL ) |
| JOHN E. POTTER, Postmaster of the United States Postal Service, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Defendants' Motion for Summary Judgment (Docket No. 48). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the Defendants' motion for the reasons set forth below.

**I. SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving

party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

Plaintiff Eric Mason was employed by the United States Postal Service (the "Postal Service") beginning in 1994. Mason primarily worked as a mail handler at the Indianapolis Processing and Distribution Center. During his tenure with the Postal Service, Mason was involved in two Equal Employment Opportunity lawsuits – one in 1999 and one in 2002. As a result of the first lawsuit, Mason recovered damages.

In April 2004, Mason suffered a serious neck injury while on duty. He was rushed to the hospital and was ultimately informed that he would require either surgery or physical therapy. Mason opted for physical therapy. As a result of his neck injury Mason continues to experience episodes of debilitating neck pain.

Following his injury, Mason applied for Family Medical Leave Act ("FMLA") protection. Mason was already somewhat familiar with FMLA because he had a previous certification for job-related stress during the Anthrax scare. Mason was approved for FMLA for his neck from March 29, 2004 until December 3, 2004. He was approved for additional FMLA for stress and for his neck injury from July 10, 2005 through March 17, 2007. In order to receive these approvals, Mason submitted a Certificate of Healthcare Provider ("CHCP") form[1] on the following dates: (1) August 3, 2004; (2) August 29, 2005; and (3) March 21, 2006.

---

[1] The CHCP form is also known as a WH-380. For clarity, the Court will refer to these forms as CHCPs throughout this Entry.

Beginning in 2007, Mason's supervisor was Terry Lawson. Lawson knew that Mason had an on-the-job injury. Lawson believed that Mason was abusing his FMLA leave and was not performing his job satisfactorily. In August 2007, Lawson initiated a request for discipline against Mason for being absent without leave. At this point, Lawson learned that Mason previously received a warning letter and a seven-day suspension for other violations. However, this was the first time that Lawson initiated discipline of Mason. Under the Postal Service's progressive discipline system the next level of discipline was a fourteen-day suspension. Lawson issued Mason a Notice of Fourteen-Day Suspension and Mason subsequently filed a grievance.[2]

From October 2007 through May 2008, Mason missed work on more than thirteen occasions.[3] Lawson requested that Mason be removed and on May 28, 2008, Mason was issued a Notice of Proposed Removal. On July 7, 2008, Brian Fisher, Senior Manager Distribution Operations for the Postal Service approved Mason's removal. Fisher explained that "[t]he evidence of record establishes that [Mason] accumulated thirteen (13) unscheduled absences totaling 122.08 hours during the period October 7, 2007 through May 6, 2008, approximately seven (7) months." Docket No. 49 Ex. 5 at 12. Fisher noted that Mason was "sufficiently placed on notice of the attendance requirements of the Postal Service" and he was aware of the disciplinary structure of the Postal Service. *Id.* Fisher concluded by explaining the appeals

---

[2] The arbitrator upheld the fourteen-day suspension. Mason was instructed to serve his suspension between May 31, 2008 and June 13, 2008.

[3] Specifically, the Notice of Proposed Removal states that Mason missed work on: October 7, 2007; October 21, 2007; December 2, 2007; December 6, 2007; December 17, 2007; December 27, 2007; December 30, 2007; January 3 - January 6, 2008; January 14, 2008; February 20 - 25, 2008; March 26, 2008; April 23, 2008; and May 4 - May 6, 2008.

3

process and the recourse available to Mason. In accordance with Fisher's letter, Mason filed this suit in 2009, alleging violations of the FMLA and Title VII. The Defendants have now moved for summary judgment on all of Mason's claims.

### III. DISCUSSION

#### A. The Title VII claims (Counts V and VI)

In his Amended Complaint, Mason alleges that the Defendants violated Title VII when they "suspended and terminat[ed]" him based on his race and his engagement in protected activity. Docket No. 23 at 3. However, in response to the Defendants' summary judgment motion, Mason does not introduce any evidence to support his allegations. Nor does Mason even mention Counts V and VI in his response brief. Although it may seem harsh, summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). Because Mason has failed to present any evidence whatsoever to support his Title VII claims, the Defendants' motion is **GRANTED** as to Counts V and VI of the Amended Complaint.

#### B. Interference with FMLA, denial of FMLA, and failure to reinstate following FMLA leave (Counts I, II, and IV)

The FMLA provides: "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . (D) [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). It is unlawful for an employer to interfere with an employee's attempt to exercise his or her FMLA rights. *Id.* § 2615(a)(1). To prevail on his FMLA interference claim, Mason need only show that the Defendants denied him leave under the act; he does not

need to establish discriminatory intent. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). To this end, Mason must demonstrate that: (1) he was eligible for FMLA protection; (2) his employer was covered by the FMLA; (3) he was entitled to FMLA leave; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him benefits to which he was entitled. *Id*. The Defendants concede that the first and second elements are met in this case. However, they argue that Mason's claim fails on the third and fourth elements. They claim that Mason was not entitled to FMLA leave for the dates at issue and he did not provide adequate notice of his intent to take FMLA leave.

Although the Defendants argue that Mason was not entitled to FMLA leave because he was allegedly "sick" on the dates of some of his unscheduled absences, the Court will assume, without deciding, that given Mason's history of situational stress and neck problems associated with his on-the-job injury, Mason was suffering from at least one serious health condition that rendered him unable to perform the functions of his job. This assumption is bolstered by the fact that Mason had several periods of approved intermittent FMLA leave based on these conditions.

With respect to unforeseeable FMLA leave, the relevant regulation states:

> [A]n employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case. It generally should be practicable for the employee to provide notice of leave that is unforeseeable within the time prescribed by the employer's usual and customary notice requirements applicable to such leave.

29 C.F.R. § 825.303(a); *see also* 29 C.F.R. § 825.303(c) (stating that "an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances" and noting that "an employer may require employees to call a designated number or a specific individual to request leave.").

5

The Postal Service's policy is that employees use a telephone system known as the eRMS or IVR system to report unscheduled absences. Docket No. 49 Ex. 4 at 2. "Postal employee are informed that they must input their assigned FMLA case number when utilizing the call-in system if they want the unscheduled absence charged as FMLA related to the previously approved condition and related case number." *Id*. "If the employee does not enter a [FMLA] case number, a new case number is generated. The employee would have 15 days to provide the completed FMLA request certification form." *Id*. at 3.

The Defendants assert that Mason knew how to use this system because he successfully called in and requested FMLA leave on January 3, 2008 and January 14, 2008. However, the Defendants argue that because Mason did not submit a completed FMLA request certification form for either of these dates, FMLA leave was properly denied. FMLA Coordinator Velma Coles explained that Mason "did not have an approved case number for FMLA from March 18, 2007 through March 4, 2008" and "[t]here was nothing on file . . . allowing Mason to leave early or be absent based on a serious health condition." Docket No. 49 Ex. 4 at 4. Accordingly, when Mason requested FMLA he was assigned a new case number and "Mason was required to provide medical documentation within 15 days." *Id*. According to the Defendants, Mason failed to do so.

Mason claims that he "did everything he could possibly do to notify Defendant[s] of his intent to take FMLA leave." Docket No. 52 at 15. Mason argues that he either called the eRMS system or told his supervisor that he was taking FMLA leave. Mason notes that he "submitted several CHCP's [and] in all of the CHCP's it was noted that Eric['s] condition was related to his on the job injury in 2004." *Id*. at 16. Even assuming, as the Court must at this juncture, that all

6

of Mason's assertions are true, Mason ignores the fact that he did not have a CHCP on file with the Defendants from March 18, 2007 through March 4, 2008.

The undisputed evidence indicates that Mason's approval for FMLA for his neck condition expired on March 17, 2007. The letter approving Mason for FMLA explicitly states: "You will need to resubmit a new WH-380 [CHCP] for recertification for this FMLA condition with your first absence after the above date for this condition." Docket No. 49 Ex. 4 at 22 (emphasis omitted). Mason did not submit another CHCP until February 26, 2008. Docket No. 53 Ex. 1 at 4. He was subsequently approved for intermittent FMLA leave from March 5, 2008 through January 1, 2009. Docket No. 49 Ex. 4 at 5. However, the following absences were not covered by a CHCP: October 7, 2007; October 21, 2007; December 2, 2007; December 6, 2007; December 17, 2007; December 27, 2007; December 30, 2007; January 3 - January 6, 2008; January 14, 2008; and February 20 - 25, 2008. In his affidavit, Mason alleges that following his absences on these dates he submitted whatever documentation or information was required. *See, e.g.*, Docket No. 53 Ex. 1 ¶¶ 37-38, 43, 47, 62. However, his assertion is at best conclusory, as it is not supported by any evidence of record, including the Defendants' FMLA records.

It is well established that an employer may deny FMLA if an employee fails to properly notify the employer of the need for FMLA. *Phillips v. Quebecor World RAI, Inc.*, 450 F.3d 308, 311 (7th Cir. 2006). In this case, Mason failed to give proper notice of his intent to take FMLA leave because he failed to provide a CHCP for the time between March 18, 2007 and March 4, 2008. Given this failure, the Court simply cannot conclude that the Defendants interfered with Mason's exercise of his FMLA rights. Accordingly, the Defendants' motion is **GRANTED** as to Count I of the Amended Complaint.

Moreover, because Mason's notice was inadequate, his claims for denial of FMLA[4] and failure to reinstate following FMLA[5] are also doomed. Thus, the Defendants' motion is also **GRANTED** as to Counts II and IV of the Amended Complaint.

### C. Retaliation for taking FMLA (Count III)

An employee bringing a claim against his or her employer alleging retaliation for an exercise of FMLA rights "can proceed under the direct or indirect methods of proof familiar from employment discrimination litigation." *Smith*, 560 F.3d at 702. "The indirect method, familiar from Title VII cases, requires the employee to produce evidence that [he] was treated differently from similarly situated employees who did not request FMLA leave, even though [he] was performing [his] job satisfactorily." *Id*. (citing *Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006)). "Under the direct method, a plaintiff must present evidence that his employer took materially adverse action against him on account of his protected activity." *Burnett*, 472 F.3d at 481; *see also Daugherty*, 577 F.3d at 751 (stating "[u]nder the direct method . . . a plaintiff must present evidence of a statutorily protected activity, a materially adverse

---

[4] The regulations expressly provide that an employer may deny FMLA coverage if "the employee fails to provide a certification within 15 calendar days from receipt of the request for certification unless not practicable due to extenuating circumstances . . . . Absent such extenuating circumstances, if the employee fails to timely return the certification, the employer can deny FMLA protections for the leave following the expiration of the 15-day time period until a sufficient certification is provided. If the employee never produces the certification, the leave is not FMLA leave. 29 C.F.R. § 825.313(b).

[5] In order to show a violation for failure to reinstate, Mason would have to show that he was eligible for FMLA protection, entitled to leave, and that he provided the appropriate notice. He would also have to show that the Postal Service was covered by FMLA and that it denied him benefits to which he was entitled. *Daugherty v. Wabash Ctr., Inc.*, 577 F.3d 747, 750 (7th Cir. 2009). As established above, Mason has not satisfied the notice requirement so this claim also fails.

action taken by the employer, and a causal connection between the two."). "'A plaintiff can prevail under the direct method by showing an admission of discrimination or by constructing a convincing mosaic of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker.'" *Daugherty*, 577 F.3d at 751 (quoting *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 771 (7th Cir. 2008)).

In this case, Mason proceeds under the direct method and claims that he has "presented a convincing mosaic of circumstantial evidence that would allow a jury to infer retaliation." Docket No. 52 at 18. Mason alleges that the Defendants "clearly had a problem with [Mason] taking FMLA leave," *id*., and that they "terminated [Mason] for taking days off that are clearly FMLA protected." *Id*. at 19. In support of this assertion, Mason notes that his supervisor Terry Lawson marked some of his absence slips "not IOD" or not injured on duty. Mason claims that Lawson was aware of his 2004 injury and she "knew" that he was not referring to a new injury. Moreover, Mason points to his previously-filed CHCPs and alleges that Lawson should have known that his absences were related to his neck condition.

Despite Mason's contentions, no reasonable jury could believe that the Defendants retaliated against him for taking FMLA leave. Mason has not provided a convincing mosaic of circumstantial evidence establishing discrimination. Indeed, the majority of Mason's contentions are entirely unsupported by the record. Although Mason alleges that Lawson "knew" or "should have known" that he left work early as a result of his 2004 neck injury, he does not provide any evidence to establish this point. Moreover, from March 18, 2007 through March 4, 2008, Mason was not approved for FMLA leave. Even though Lawson knew about Mason's neck injury, and assuming that she was aware of his previous FMLA leave, during the

9

relevant time period Mason did not have FMLA.  Thus, even though he claimed he was taking FMLA leave, he was not certified to do so.  As to Lawson's marking "not IOD" on Mason's absence slips, she explained in her deposition that she did so after being informed by the "injury comp" and "medical unit" that there was no documentation for an on-the-job injury.  *See* Docket No. 49 Ex. 3 at 11-12.  In other words, on the dates in question, there was no evidence that Mason was injured at work.  Mason does not contradict this and indeed does not allege that on the dates in question he sustained an injury that required medical attention.

Having viewed the evidence of record in the light most favorable to Mason, the Court concludes that no reasonable jury could find that the Defendants terminated him because he exercised his FMLA rights.  Accordingly, the Defendants' motion is **GRANTED** as to Count III of the Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment (Docket No. 48) is **GRANTED**.

SO ORDERED: 07/26/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.